' Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. ALFRED BOSWORTH, }

### COUNTY OF NEWPORT, FEBRUARY TERM, 1861.

---

### Thomás Haley *v.* The Newport Gas Light Company.

A plaintiff, who brings his action originally in the supreme court for the sum of one hundred dollars or upwards, will be entitled to costs, although the defendant, by a tender in court, has reduced the sum for which judgment is rendered below that amount.

Assumpsit by the plaintiff, as master of the Brig Defiance, for the freight of a cargo of Pelton gas coals from Newcastle upon the Tyne to Newport; the declaration including also a claim for £5, as a customary gratuity to the master.

At the trial of the cause before Mr. Justice *Bosworth*, under the general issue, it appeared that the contest was, whether by the charter-party and bill of lading, the freight, which was £19 per keel of eight Newcastle chaldrons, was to be computed upon the custom-house or outtake measure, or according to the number of keels taken on board, or intake measure. The defendant had tendered in court, with interest and costs, the sum of $1341.36, being the amount of freight computed in the latter mode, which the court sustained as the proper mode of computing it, but had neglected to tender the amount of the gratuity to the master, which, with interest, amounted to $22.42. In awarding to the plaintiff judgment for this latter amount, the defendant objected that the action having been originally brought in this court, and the judgment being for less than a hundred dollars, the plaintiff could, under the provision of ch. 164, § 20, of the Revised Statutes, recover no costs.

*Van Zandt & Rice*, for the defendants.

AMES, C. J. Literally, a plaintiff may be said to "recover" in his action that sum which the defendant admits to be due and tenders in court, as well as that for which the court renders judgment; and to deprive him of costs when his action was properly brought here according to the admission and tender of the defendant, would certainly defeat the spirit of our statutes relating to costs at law, including that upon which this objection is founded. We cannot listen to the argument, that the defendant, by admitting the larger portion of the plaintiff's claim, and causelessly disputing a small portion only of it, may compel the plaintiff, at the loss of an arrest or of an attachment, to commence *de novo* in another court, or certainly pay the costs of the further though successful prosecution of a suit, properly brought in this. It is true, that in the action before us the principal question was settled in favor of the defendants; but by omitting to tender all that was due upon the plaintiff's claim, they failed to bring themselves within the provisions of ch. 185, § 9, of the Revised Statutes, by virtue of which they might not only have avoided the costs of the further contest, but have recovered them against the plaintiff.

Let judgment be entered for the plaintiff for the sum of $22.42, with costs.